STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDI ADLER,<br><br>     Plaintiff,<br><br>v.<br><br>CITY OF OAKLEY POLICE OFFICERS ENGLAND, PATEL, WILLIAMS AND DOES 1-80<br><br>     Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation Fourth Amendment 42 U.S.C §1983 (***Excessive Force***)<br>2. Violation of Fourth Amendment 42 U.S.C §1983 (***False Arrest***);<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

1

Plaintiff, demanding a jury trial, brings this action against Defendants CITY OF OAKLEY POLICE OFFICERS ENGLAND, PATEL, WILLIAMS AND DOES 1-80, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

### I. PARTIES

1. Plaintiff Randi Adler, was at all times relevant to this complaint, living in the City of Oakley, which is located within the Northern District of California.

2. Defendant Oakley Police Officer Patel was employed by the City of Oakley as a police officer at the time of the incident in question. This individual is being sued in his individual capacity.

3. Defendant Oakley Police Officer England was employed by the City of Oakley as a police officer at the time of the incident in question. This individual is being sued in his individual capacity.

4. Defendant Oakley Police Officer Williams was employed by the City of Oakley as a police officer at the time of the incident in question. This individual is being sued in his individual capacity.

5. Defendants DOES 1-50 were employed by the City of Oakley as police officers at the time of the incident in question. The identities and capacities of these DOE defendants are unknown at this time to the Plaintiffs. These Doe Defendants are being sued in their individual capacities.

6. Defendants DOES 51-80 were employed by the City of Oakley as police officers at the time of the incident

2

in question. The identities and capacities of these DOE defendants are unknown at this time to the Plaintiffs. These Doe Defendants are being sued in their individual capacities.

7. All defendants acted under the color of law as it pertains to this complaint.

## II. JURISDICTION AND VENUE

8. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in the City of Oakley which is located in this district.

## III. STATEMENT OF FACTS

10. On June 28, 2022, a small fire started in the Plaintiff's back yard of her home. The Plaintiff called the fire department and was told that they were on their way. The Plaintiff then called her daughter, who at that time was at the Oakley police department obtaining a restraining order in an unrelated case.

11. The Defendants overheard the Plaintiff tell her daughter about the fire and followed the Plaintiff's daughter as she drove home to assist the Plaintiff.

12. By the time the Defendants arrived at the Plaintiff's home, the fire department had already arrived and had the fire contained. The Plaintiff was not in any danger and no exigent circumstances existed at that time.

13. The Defendants without consent or a warrant, entered the Plaintiff's home and observed her sobbing from the stress of the situation.

14. The Defendants then without probable cause or reasonable suspicion that the Plaintiff

3

was suffering from a mental health crisis, grabbed the Plaintiff, took her to the ground and restrained her inside her home and radioed for paramedics to 51/50 her.

15. DOES 51-80 paramedics, along with the Defendant officers, without any probable cause or reasonable suspicion that the Plaintiff was suffering from a mental health crisis, placed the Plaintiff against her will on a gurney, restrained her arms and transferred to a subsequent hospital for psychiatric evaluation.

16. After being confined in the hospital for several hours, the Plaintiff was finally evaluated, and was informed that she had not suffered from any mental health crisis and immediately released her.

### IV. CAUSES OF ACTION

### FIRST CLAIM

**(Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 *Excessive Force*– As to Defendants)**

17. Plaintiffs incorporate herein by reference the preceding paragraphs 1-16 of this complaint as fully set forth herein.

18. That Defendants Patel, Williams and England acting under color of law, used unreasonable and excessive force on Plaintiff, when they deliberately and intentionally grabbed the Plaintiff, took her to the ground and restrained her inside her home, causing her to suffer extreme pain. That at the time this force was used on Plaintiff's person (i) Plaintiff was unarmed; (ii) Plaintiff did not pose any threat to any of the defendants or bystanders; (iii) Plaintiff was not attempting to flee or evade arrest, (iv) other alternative methods were available to effectuate a seizure.

4

## SECOND CLAIM

**(Violation of Fourth Amendment Rights 42 U.S.C §1983 Against Defendants for False Arrest)**

19. Plaintiff incorporates herein by reference the preceding paragraphs 1-18 of this complaint as fully set forth herein.

20. That That Defendants Patel, Williams and England acting under color of law, and with the assistance of DOES 51-80 as integral participants, unlawfully seized the Plaintiff in violation of the Fourth Amendment by deliberately and intentionally placing the Plaintiff under arrest.

21. That Plaintiff was arrested when she was grabbed and slammed to the ground by Defendants on her property, restrained and was not free to leave and then subsequently taken against her will to a hospital for a mental health evaluation.

22. Plaintiff had not committed any crime;

23. No probable caused existed that the Plaintiff had committed any crime.

24. Defendants did not have an arrest warrant to arrest the Plaintiff ***inside her home.***

25. There was no probable cause or reasonable suspicion that Plaintiff was suffering a mental health crisis.

**THIRD CLAIM**

**(UNLAWFUL ENTRY – As to all Defendant officers)**

26. Plaintiff incorporates herein by reference the preceding paragraphs 1-25 of this complaint as fully set forth herein.

27. That Defendants Patel, Williams and England acting under color of law, committed an unlawful entry into the Plaintiff's residence. That at the time this unlawful entry was conducted, (i) The Defendants did not have consent to enter into the Plaintiff's residence; (ii) The Defendants did not have warrant to enter into the Plaintiff's residence. (iii) That no exigent circumstances existed to justify the Defendants entering into the residence without consent or a warrant.

## V. PRAYER FOR RELIEF

Plaintiff prays for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;

2. For general damages according to proof;

3. For punitive damages against all individual defendants according to proof;

4. The prejudgment interest at the legal rate according to proof;

5. For costs and reasonable attorneys' fees as provided by law; and

6. For such other relief as the Court may deem fit and proper.

## VI. JURY DEMAND

Plaintiff demands a jury trial in this action.

LAW OFFICE OF STANLEY GOFF

Dated: June 28, 2024               _/s/ Stanley Goff_
                                   STANLEY GOFF
                                   Attorney for Plaintiff